# Third District Court of Appeal

## State of Florida

Opinion filed February 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0811
Lower Tribunal No. 17-693-K
_____

**Frank Bisch,**
Appellant,

vs.

**Kostiya Peki, M.D., et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

The Law Offices of Maria L. Rubio, P.A., and Maria L. Rubio; Philip D. Parrish, P.A., and Philip D. Parrish, for appellant.

Hicks, Porter, Ebenfeld & Stein, P.A., and Dinah S. Stein and Lindsey A. Hicks; Hoffman Law Group, P.A., and Ilisa W. Hoffman, for appellee Hospital Alliance, LLC; Wicker, Smith, O'Hara, McCoy & Ford, P.A., and Jessica L. Gross, for appellees Kostiya Peki, M.D., P.A. and Kostiya Peki, M.D.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Frank Bisch, the plaintiff below, appeals a final summary judgment entered in favor of Kostiya Peki, M.D., and Kostiya Peki, M.D., P.A., defendants below. The trial court concluded there was no genuine dispute as to any material fact, and entered final judgment in favor of Peki. Upon our de novo review, Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000), we reverse, and hold that plaintiff satisfied its burden as the non-moving party to establish the presence of genuine issues of material fact, including standard of care and causation. See Fla. R. Civ. P. 1.530(c); Gooding v. Univ. Hosp. Bldg., Inc., 445 So. 2d 1015, 1018 (Fla. 1984) ("To prevail in a medical malpractice case a plaintiff must establish the following: the standard of care owed by the defendant, the defendant's breach of the standard of care, and that said breach proximately caused the damages claimed."); Chaskes v. Gutierrez, 116 So. 3d 479, 487 (Fla. 3d DCA 2013) (observing: "Florida courts follow the more likely than not standard of causation and require proof that the negligence probably caused the plaintiff's injury." (quoting Gooding, 445 So. 2d at 1019)).

Reversed and remanded.